# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
No. 3:25-cv-493

| | |
|---|---|
| JOQUETTA CLAIR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **NOTICE OF REMOVAL** |
| ) | |
| CHARTER COMMUNICATIONS, LLC, et al. ) | |
| ) | |
| Defendants. ) | |
| ) | |

Defendant Charter Communications, LLC ("Charter"), by and through the undersigned counsel, hereby removes Case No. 25CV012582-590, *JoQuetta Clair v. Charter Communications, LLC*, an action from the General Court of Justice of Mecklenburg County in the State of North Carolina ("State Court Action"), to the United States District Court for the Western District of North Carolina.  Charter removes the State Court Action pursuant to 28 U.S.C. §§ 1331, 1332, and 1446, on the factual and legal grounds discussed below.

## I. PLEADINGS, PROCESS, AND ORDERS

1. On or about March 10, 2025, Plaintiff JoQuetta Clair ("Plaintiff") commenced the State Court Action.

2. On June 10, 2025, Charter was served with a Summons and the Complaint.

3. A complete copy of the file from the State Court Action, including a copy of the Summons, Complaint, and all pleadings, process, and orders served on Charter, as well as a copy of the docket sheet and all documents filed in the State Court Action is attached hereto as **Exhibit A**, in accordance with 28 U.S.C. § 1446(a).

## II. FEDERAL QUESTION JURISDICTION

4. A state court action may be removed to this Court if the action is one "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).

5. Federal district courts have original jurisdiction over all civil actions "arising under" the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 1331; 1441(a).

6. All of Plaintiff's claims allege violations of federal law, namely Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e, *et seq.* (1964), and the Americans With Disabilities Act of 1990, 42 U.S.C. § 12101 *et. seq.* (1990). Therefore, the Court has original federal question jurisdiction over this matter.

7. Removal is therefore proper pursuant to 28 U.S.C. § 1441.

## III. DIVERSITY JURISDICTION

8. The State Court Action is also removable under 28 U.S.C. § 1332(a), which provides for federal diversity jurisdiction. In order to establish diversity jurisdiction a party must show: (1) the parties are completely diverse, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant, and (2) the amount in controversy exceeds $75,000. *Cent. W. Virginia Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011).

9. Plaintiff alleges she is a citizen and resident of the State of North Carolina. (Compl., at ¶ 1).

10. Charter is not a citizen of the State of North Carolina. For purposes of diversity jurisdiction, the citizenship of an LLC is a citizen of every state of which its owners and members are citizens. *Cent. W. Virginia Energy Co*, 636 F.3d, at 103. As demonstrated below, none of Charter's owners and members are citizens of North Carolina:

4938-3940-6420, v. 1

a. Charter Communications, LLC is a Delaware limited liability company with its principal place of business in Missouri.
b. The sole member of Charter Communications, LLC is Charter Procurement Leasing, LLC, a Delaware limited liability company with its principal place of business in Missouri.
c. The two members of Charter Procurement Leasing, LLC are Charter Communications Operating, LLC and Charter Leasing Holding Company, LLC, both Delaware limited liability companies with their principal place of business in Missouri.
d. The sole member of Charter Leasing Holding Company, LLC is Charter Communications Operating, LLC.
e. The sole member of Charter Communications Operating, LLC is CCO Holdings, LLC, a Delaware limited liability company with its principal place of business in Missouri.
f. The sole member of CCO Holdings, LLC is CCH I Holdings, LLC, a Delaware limited liability company with its principal place of business in Missouri.
g. The sole member of CCH I Holdings, LLC is CCHC, LLC, a Delaware limited liability company with its principal place of business in Missouri.
h. The sole member of CCHC, LLC is Charter Communications Holding Company, LLC, a Delaware limited liability company with its principal place of business in Missouri.
i. The sole member of Charter Communications Holding Company, LLC is Spectrum Management Holding Company, LLC, a Delaware limited liability company with its principal place of business in Missouri.
j. The sole member of Spectrum Management Holding Company, LLC is Charter Communications Holdings, LLC, a Delaware limited liability company with its principal place of business in Missouri.
k. The four members of Charter Communications Holdings, LLC are:
    i. CCH II, LLC, a Delaware limited liability company with its principal place of business in Missouri;
    ii. Insight Blocker LLC, a Delaware limited liability company with its principal place of business in Missouri;
    iii. CCH Holding Company, LLC, a Delaware limited liability company with its principal place of business in Missouri; and
    iv. Advance/Newhouse Partnership, a New York General Partnership with its principal place of business in New York.
l. The sole member of CCH II, LLC is Charter Communications, Inc. a publicly-held Delaware corporation with its principal place of business in Connecticut;
m. The sole member of Insight Blocker LLC is Charter Communications, Inc.
n. The sole member of CCH Holding Company, LLC is Charter Communications, Inc.
o. The partners of Advance/Newhouse Partnership are A/NPC Holdings LLC, a Delaware limited liability company with its principal place of business in New York, and
p. A/NP Holdings Sub LLC, a Delaware limited liability company with a principal place of business in New York.

4938-3940-6420, v. 1

q. The sole member of A/NP Holdings Sub LLC is A/NPC Holdings LLC.
r. The two members of A/NPC Holdings LLC are Newhouse Cable Holdings LLC, a New York limited liability company with its principal place of business in New York, and
s. Advance Communications Company LLC, a New York limited liability company with its principal place of business in New York.
t. The sole member of Newhouse Cable Holdings LLC is Newhouse Broadcasting Corporation, a New York corporation with a principal place of business in New York.
u. The sole member of Advance Communications Company LLC is Advance Local Holdings Corp., a Delaware corporation with its principal place of business in New York.

(**Exhibit B**, Nelson Affidavit, at 1–2).

11. Because Plaintiff and Charter are citizens of different states, complete diversity of citizenship exists between the parties for purposes of diversity jurisdiction under 28 U.S.C. § 1332(a)(1).

12. In her Complaint, Plaintiff names Jennifer Page and Brandon Apenbrick[1] as additional defendants.

13. Plaintiff has not made a single specific allegation against either individual defendant and, importantly, has made no effort to serve them.

14. The individual defendants were not "properly joined and served" when Charter filed this Notice of Removal and are therefore not subject to the forum defendant rule. *Annese v. Diversey, Inc.*, No. 3:17-CV-00005-GCM, 2017 WL 2378808, at *2 (W.D.N.C. June 1, 2017); *see also Robertson v. Iuliano*, No. CIV.A. RDB 10-1319, 2011 WL 453618, at *3 (D. Md. Feb. 4, 2011) (holding the Fourth Circuit's general practice of interpreting the plain language of section 1441(b) applied to permit removal by a defendant who had been served even though other defendants who had not yet been properly joined and served were not diverse from plaintiff).

15. Thus, regardless of the state of residency of either Ms. Page or Mr. Apenbrick,

---

[1] The correct spelling is Apenbrinck.

this matter is still removable on diversity grounds in addition to federal question grounds.

16. When a defendant removes to Federal Court on the basis of diversity jurisdiction, the defendant need only plausibly allege that the amount in controversy exceeds $75,000. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 86 (2014).

17. Plaintiff's Complaint seeks $900,000 in alleged damages (**Exhibit A**, at 4).

18. Without admitting any liability whatsoever, and the same being expressly denied, Plaintiff's own Complaint seeks damages far exceeding the $75,000 threshold. *Shanaghan v. Cahill*, 58 F.3d 106, 112 (4th Cir. 1995) ("Unless the claim for an amount over the jurisdictional prerequisite is made in bad faith, or unless it is plain from the complaint that an amount less than the jurisdictional amount is all that is at issue, the district court has jurisdiction over the case.")

## IV. TIMELINESS OF REMOVAL

19. This Notice of Removal is timely.

20. Charter was served with the Summons and Complaint on June 10, 2025. (*See* **Exhibit A**).

21. Charter now files this Notice of Removal within 30 days of receiving service of the Summons and Complaint. (*See* **id.**)

## VI. CHARTER HAS SATISFIED ALL OTHER REQUIREMENTS FOR REMOVAL

22. Contemporaneously herewith, Charter filed a copy of this notice of removal in the General Court of Justice of Mecklenburg County, in the State of North Carolina, in accordance with 28 U.S.C. § 1446(d).

23. Charter will contemporaneously serve Plaintiff with a copy of this Notice, pursuant to 28 U.S.C. § 1446(d).

4938-3940-6420, v. 1

WHEREFORE, Defendant respectfully removes this action, currently pending in the Superior Court of Mecklenburg County in the State of North Carolina, entitled *JoQuetta Clair v. Charter Communications, LLC*, and assigned Case No. 25CV012582-590, to the United States District Court for Western District of North Carolina.

Dated: July 9, 2025

Respectfully submitted,

CRANFILL SUMNER LLP

BY: */s/ Samantha M. Owens*
Samantha M. Owens, NC Bar #62580
*Attorneys for Defendant Charter Communications, LLC*
P.O. Box 30787
Charlotte, NC 28230
Telephone (704) 332-8300
Facsimile (704) 332-9994
sowens@cshlaw.com

**THOMPSON COBURN LLP**

By:

*Pro Hac Vice Forthcoming*

Becky M. Christensen
One US Bank Plaza, Suite 2700
St. Louis, Missouri 63101-1611
Telephone: 314.552.6068
Facsimile: 314.552.7000
bchristensen@thompsoncoburn.com

Yoonsik (Sean) Kim
55 East Monroe Street, 37th Floor
Chicago, Illinois 60603
Telephone: 312.346.7500
Facsimile: 312.580.2201
sekim@thompsoncoburn.com

*Attorneys for Defendant Charter Communications, LLC*

4938-3940-6420, v. 1

# CERTIFICATE OF SERVICE

I hereby certify that on July 09, 2025, I electronically filed the foregoing **NOTICE TO PLAINTIFF OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NORTH CAROLINA** with the Clerk of the Court using the CM/ECF system and by depositing a copy hereof, postage prepaid, in the United States Mail, addressed to each party as follows:

    Joquetta Clair
    4236 Branch Bend Ln, Apt. E
    Charlotte, NC 28273
    (470) 884-0071

CRANFILL SUMNER LLP

BY: */s/ Samantha M. Owens*
    Samantha M. Owens, NC Bar #62580
    *Attorney for Defendants*
    P.O. Box 30787
    Charlotte, NC 28230
    Telephone (704) 332-8300
    Facsimile (704) 332-9994
    sowens@cshlaw.com